THIS OPINION IS A
PRECEDENT OF
THE T.T.A.B.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

DUNN

Mailed:  October 26, 2009

Opposition No. 91185393

Hewlett-Packard Development
Company, L.P.

v.

Vudu, Inc.


Before Hairston, Rogers, and Taylor, Administrative
Trademark Judges:


By the Board:

This case comes up on opposer's motion for summary
judgment on the pleaded claim of priority and likelihood of
confusion.  The motion has been fully briefed.

Hewlett-Packard Development Company, L.P. (hereafter,
HP or opposer) opposes registration by Vudu, Inc.
(hereafter, Vudu or applicant) of the mark VUDU, which is
the subject of application Serial No. 77112745[1], on the

---

[1]     Application Serial No. 77112745 seeks registration for:
(International Class 9) set top boxes, peripherals and
software for use in the transmission, storage and playback of
audio and video content; computer software for use in computers
for the transmission, storage and playback of audio and video
content; software for use in televisions for the transmission,
storage and playback of audio and video content.

grounds of dilution and priority and likelihood of confusion with opposer's pleaded registrations for the VOODOO marks shown below.[2]

| | |
|---|---|
| VOODOO |  |
| Registration No. 2988445 | Registration No. 3038749 |

Applicant filed an answer denying the salient allegations of the notice of opposition.

---

(International Class 35) providing consumer information used in the selection and purchase of audio and video content.

(International Class 38) audio and video broadcasting services, broadcasting audio and video content over global computer networks, video-on-demand transmission services, pay-per-view video and audio transmission services.

(International Class 41) providing information in the area of audio and video programming.

(International Class 42) providing a website featuring temporary use of non-downloadable software allowing website users to store and playback audio and video content for entertainment purposes.

[2] HP's Registration Nos. 2988445 and 3038749 list the same goods and services:

(International Class 9) computer systems, namely, personal and gaming computers.

(International Class 40) custom manufacture of computers for others.

(International Class 42) custom design of computers for others, technical support services, namely, providing information and assistance concerning the use and function of computer hardware and software; and, information services, namely, providing information on computer systems, computer design, technology and the industry to the public via connection to the global computer network.

A motion for summary judgment is a pretrial device, intended to save the time and expense of a full trial when a party is able to demonstrate, prior to trial, that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986); *Franpovi SA v. Wessin*, 89 USPQ2d 1637, 1638 (TTAB 2009). The party opposing the motion must point to an evidentiary conflict created on the record at least by a counter statement of a fact or facts set forth in detail in an affidavit by a knowledgeable affiant. Mere denials or conclusory statements are insufficient. *Sweats Fashions Inc. v. Pannill Knitting Co. Inc.*, 833 F.2d 1560, 4 USPQ2d 1793, 1795 (Fed. Cir. 1987). The Board may not resolve issues of material fact, but can only ascertain whether genuine disputes exist regarding such issues. The evidence on summary judgment must be viewed in a light most favorable to the non-movant and all justifiable inferences are to be drawn in the non-movant's favor. *See Lloyd's Food Products, Inc. v. Eli's, Inc.,* 987 F.2d 766, 767, 25 USPQ2d 2027, 2029 (Fed. Cir. 1993).

STANDING AND PRIORITY

As opposer has submitted status and title copies of its pleaded registrations, there is no genuine issue that

opposer has established its standing to bring this action, and priority of use is not an issue. *King Candy Company v. Eunice King's Kitchen, Inc*., 496 F.2d 1400, 182 USPQ 108, 110 (CCPA 1974); *L.C. Licensing Inc. v. Berman*, 86 USPQ2D 1883, 1887 (TTAB 2008).

LIKELIHOOD OF CONFUSION

The Board determines likelihood of confusion based on the factors set forth in *In re E.I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA 1973). The likelihood of confusion analysis considers all *du Pont* factors for which there is evidence of record but "may focus ... on dispositive factors, such as similarity of the marks and relatedness of the goods." *Han Beauty, Inc. v. Alberto-Culver Co*., 236 F.3d 1333, 57 USPQ2d 1557, 1559 (Fed. Cir. 2001). For purposes of our likelihood of confusion analysis on the summary judgment motion, the most pertinent of opposer's marks is its VOODOO mark in standard characters (Registration No. 2988445) and therefore we will confine our discussion to this mark. That is, if we find that there is no genuine issue that there is likelihood of confusion with respect to this mark, there is no need for us to consider opposer's other mark, and if we find that there is no likelihood of confusion with respect to this mark, a

4

fortiori there can be no likelihood of confusion with respect to the other mark.

Here, applicant does not dispute that its VUDU mark and opposer's VOODOO mark sound the same and have the same connotation (Opposition to Motion for Summary Judgment, p. 6, "HP's mark directly recalls the mysterious religion, while VUDU'S mark merely suggests it").[3]  Furthermore, both applicant's mark and opposer's mark employ standard characters; thus, neither party is limited to any particular depiction of its mark.  *Jockey Int'l Inc. v. Mallory & Church Corp*., 25 USPQ2d 1233, 1236 (TTAB 1992).  Therefore, our analysis must assume that both parties may employ the same stylization or display of the letters in the involved marks.  *Id*.  As a result, applicant's argument and evidence regarding the differences in how the parties presently display their marks is immaterial and does not raise a genuine issue.  *Squirtco v. Tomy Corp*, 697 F.2d 1038, 216 USPQ 937, 939 (Fed. Cir. 1983)("[T]he argument concerning a difference in type style is not viable where one party asserts rights in no particular display.  By presenting its mark merely in a typed drawing, a difference cannot legally be asserted by that party").  In sum, there is no genuine issue that the marks are phonetic equivalents for the

---

[3]    The purported difference in how immediately the respective marks convey their common connotation does not alter the fact that the connotation is the same.

identical arbitrary term, are assumed to be presented in the same display or form of lettering, carry the same connotation, and convey very similar overall commercial impressions. Accordingly, there is no genuine issue of material fact that the marks VOODOO and VUDU are similar for likelihood of confusion purposes.

In this case, consideration of the issue of whether the goods and services are related or not leads to different results in our analysis of likelihood of confusion. Therefore, we discuss the classes separately. *G & W Labs. Inc. v. GW Pharma Ltd.*, 89 USPQ2d 1571, 1574 (TTAB 2009)("[A] multiple-class application can be viewed as a series of applications for registration of a mark in connection with goods or services in each class, combined into one application ….").

*International Class 9*

Opposer has registered its VOODOO mark for, inter alia, "personal and gaming computers" and applicant seeks registration of its VUDU mark for, inter alia, "computer software for use in computers for the transmission, storage and playback of audio and video content."[4] Because the

---

[4] In the context of likelihood of confusion, it is sufficient if likelihood of confusion is found with respect to use of the mark on any item that comes within the description of goods in the application or registration. *Tuxedo Monopoly, Inc. v. General Mills Fun Group*, 648 F.2d 1335, 209 USPQ 986, 988 (CCPA

identification of goods in opposer's registration is not limited to specific types of personal and gaming computers or to specific channels of trade, it must be presumed that opposer's computers encompass computers which would use applicant's computer software for use in computers for the transmission, storage and playback of audio and video content. Indeed, applicant does not dispute opposer's contention (Motion for Summary Judgment, p. 8) that consumers could use applicant's software in opposer's computers.

Applicant's opposition to summary judgment does not address the relationship between HP's personal and gaming computers and each item listed in its International Class 9 goods. Applicant merely argues that there is no relationship between HP's personal and gaming computers and its set-top boxes because the set-top boxes have a specialized application, and allow consumers to stream high quality video content to their televisions. This restriction may be implicit in the identification of other goods or services in applicant's identification, but is not reflected in the identification of the computer software referenced above. The authority is legion that the question of registrability of an applicant's mark must be decided on

1981); *Apple Computer v. TVNET.Net, Inc.*, 90 USPQ2d 1393, 1398 (TTAB 2007).

7

the basis of the identification of goods set forth in the application regardless of what the record may reveal as to the particular nature of an applicant's goods, the particular channels of trade or the class of purchasers to which sales of the goods are directed. *Octocom Sys., Inc. v. Houston Computers Servs. Inc.*, 918 F.2d 937, 16 USPQ2d 1783, 1787 (Fed. Cir. 1990)(citations omitted). Based on the identifications of goods in Class 9 of applicant's application and opposer's pleaded Registration No. 2988445, there is no genuine issue of material fact that the goods of the parties may be used together for the same purposes, may be found in the same channels of trade, and may appeal to the same purchasers.

Because there are no genuine issues of fact regarding the similarities of the terms VOODOO and VUDU, because, by their descriptions, applicant's particular type of software for computers and opposer's personal and gaming computers are complementary goods, and because applicant has not denied opposer's contention that these goods are complementary, we find that opposer is entitled to entry of summary judgment as a matter of law. Opposer's motion for summary judgment is granted in regard to International Class

9 in the involved application, with respect to the issue of likelihood of confusion.[5]

*International Classes 35, 38, 41, and 42*

In addition to personal and gaming computers, opposer has registered its VOODOO mark for:

> (International Class 40) custom manufacture of computers for others.
> (International Class 42) custom design of computers for others; technical support services, namely, providing information and assistance concerning the use and function of computer hardware and software; and, information services, namely, providing information on computer systems, computer design, technology and the industry to the public via connection to the global computer network.

In addition to its International Class 9 goods, the opposed application includes the following services:

> (International Class 35) providing consumer information used in the selection and purchase of audio and video content.
> (International Class 38) audio and video broadcasting services, broadcasting audio and video content over global computer networks, video-on-demand transmission services, pay-per-view video and audio transmission services.
> (International Class 41) providing information in the area of audio and video programming.
> (International Class 42) providing a website featuring temporary use of non-downloadable software allowing website users to store and

---

[5] The parties are reminded that the Board's decision granting partial summary judgment is interlocutory in nature and may not be appealed until a final decision is rendered in the proceeding. *See Copeland's Enterprises Inc. v. CNV Inc.*, 887 F.2d 1065, 12 USPQ2d 1562 (Fed. Cir. 1989).

> playback audio and video content for entertainment purposes.

As set forth above, opposer as movant for summary judgment must demonstrate that there is no genuine issue of material fact regarding likelihood of confusion as to each separate class of the opposed application, and the evidence must be viewed in a light most favorable to the non-movant. On their face, the recitations of services in the application have no obvious relationship to the goods and services in the pleaded registration. Opposer presented no evidence on this point, and in its motion urging the Board to find a likelihood of confusion between applicant's services and the goods and services listed in its pleaded registration, opposer alleges only that consumers could find both parties' services on the Internet. However, countless products and services can be found on the Internet and in the circumstances of this proceeding, this is not sufficient to show the absence of a genuine issue as to the relatedness of the goods and services.

Upon careful consideration of the arguments and the scant evidence presented by the parties, and resolving all reasonable inferences in the non-movant's favor, the Board finds that opposer has failed to carry its burden of establishing that it is entitled to judgment as a matter of law in regard to International Classes 35, 38, 41, and 42.

At a minimum, opposer has failed to demonstrate the absence of a genuine issue of material fact as to the similarity of opposer's goods and services and the International Classes 35, 38, 41, and 42 services in the opposed application.[6]

In view thereof, opposer's motion for summary judgment on the issue of likelihood of confusion is denied with respect to the services in International Classes 35, 38, 41, and 42. As noted, opposer's motion for summary judgment with respect to the goods in Class 9 is granted.

This case will go forward on the issue of whether registration of applicant's mark in any of the services classes would result in dilution of the marks in either of opposer's pleaded registrations, as well as on the issue of whether there is a likelihood of confusion between opposer's marks for the goods and services in its registrations and applicant's mark and its services in International Classes 35, 38, 41, and 42.

Proceedings herein are resumed, and dates are reset below.

---

[6] The parties should note that evidence submitted in support of or in opposition to a motion for summary judgment is of record only for consideration of that motion. Any such evidence to be considered at final hearing must be properly introduced in evidence during the appropriate trial period. See *Levi Strauss & Co. v. R. Joseph Sportswear Inc.,* 28 USPQ2d 1464 (TTAB 1993).
In the alternative, the parties may seek Accelerated Case Resolution (ACR) by stipulating, inter alia, to facts on which they agree and to procedures that will allow the parties to make their presentations on the merits of the remaining issues without the need for a formal trial procedure. *See Eveready Battery Co. v. Green Planet Inc.*, 91 USPQ2d 1511 (TTAB 2009).

| | |
|---|---|
| Expert Disclosures Due | **12/16/09** |
| Discovery Closes | **1/15/10** |
| Plaintiff's Pretrial Disclosures | **3/1/10** |
| Plaintiff's 30-day Trial Period Ends | **4/15/10** |
| Defendant's Pretrial Disclosures | **4/30/10** |
| Defendant's 30-day Trial Period Ends | **6/14/10** |
| Plaintiff's Rebuttal Disclosures | **6/29/10** |
| Plaintiff's 15-day Rebuttal Period Ends | **7/29/10** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

***